IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 18-cv-00329-CMA-STV

JUAN VALENZUELA,

    Plaintiff,

v.

KARL COLEMAN,
LIGEIA CRAVEN,
ANTHONY WILKERSON,
JAMES HAROLD GAVIN, JR.,
JOSEPH CHACON, JR., and
THE CITY AND COUNTY OF DENVER,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CLARIFY**

This matter is before the Court on the parties' Joint Motion to Clarify. (Doc. # 107.) The Motion presents two issues. First, whether the Court's October 15, 2020 Opinion and Order Granting in Part and Denying in Part Motions for Summary Judgment ("October 2020 Order") (Doc. # 95) should be interpreted as holding that, as a matter of law, Officer Coleman lacked probable cause to charge Mr. Valenzuela with forgery. Second, whether the Court erred in finding that the parties' Fed. R. Evid. 702 motions (Doc. ## 71–72) were rendered moot by the Court's summary judgment ruling. For the following reasons, the Court clarifies the reasons for the October 2020 Order but finds that no modification of the Order is warranted.

1

### I.    **BACKGROUND**

Judge Krieger described the factual background of this case in her summary judgment ruling (Doc. # 95), which is incorporated herein by reference. The Court therefore recounts only the facts necessary to address the Joint Motion.

On February 15, 2017, Mr. Valenzuela was attempting to board a flight at Denver International Airport. When asked to show identification at a screening checkpoint, Mr. Valenzuela produced an expired California ID card that was perceptibly damaged, with a warped and uneven surface and cracked lamination. TSA agents and Denver Police Department officials who examined the ID card believed the card might have been altered in some way. Eventually, Defendant Karl Coleman, a Denver police officer, decided to arrest Mr. Valenzuela and charge him with forgery under Colo. Rev. Stat. § 18-5-102(1)(e). Mr. Valenzuela was booked and detained.

The following day, Mr. Valenzuela appeared before a judge of the Denver County Court for an advisement and determination of whether probable cause justified the charge against him. The state judge, apparently relying entirely on a Probable Cause Statement[1] prepared by Officer Coleman, found probable cause existed to support the arrest and charges against Mr. Valenzuela. Mr. Valenzuela later obtained release on bond and, when further investigation revealed that the damaged ID card he had

---

[1] The pertinent portion of that Statement reads, in its entirety: "On 2-15-2017 at approximately 5:55 a.m.[, Mr. Valenzuela] did knowingly and willfully violate CRS 18-5-102(e) . . . in that he did attempt to access [a concourse at Denver International Airport] using a forged CA ID . . . as his government identification."

presented was merely damaged and not actually altered, the District Attorney dismissed the charges against Mr. Valenzuela.

Mr. Valenzuela filed this action pursuant to 42 U.S.C. § 1983, asserting that the various Denver police officers and other individuals involved in his arrest and prosecution violated his right to freedom from unreasonable searches and seizures under the Fourth Amendment to the U.S. Constitution. Separately, Mr. Valenzuela also asserted a claim against Officer Coleman, sounding in a form of malicious prosecution, arguing that Officer Coleman's Probable Cause Statement contributed to Mr. Valenzuela's continued prosecution despite lacking sufficient recitation of facts demonstrating probable cause.

On October 15, 2020, Judge Krieger granted summary judgment "in favor of all Defendants except Officer Coleman, on all claims except Mr. Valenzuela's claim malicious prosecution-style claim under 42 U.S.C. § 1983." She denied summary judgment as to Mr. Valenzuela's malicious prosecution claim against Officer Coleman, finding that Officer Coleman was not entitled to qualified immunity on that prosecution claim and that there was a genuine issue of fact requiring trial as to whether Officer Coleman's statement adequately demonstrated probable cause for the charge against Mr. Valenzuela. In light of her ruling, Judge Krieger found that the parties' challenges to each other's experts designated under Fed. R. Evid. 702 were rendered moot.

## II. ANALYSIS

### A. PROBABLE CAUSE FINDING

The parties disagree as to how Judge Krieger's summary judgment ruling should be construed. Judge Krieger was fairly stark in her criticism of the sufficiency of Officer Coleman's Probable Cause Statement, and Mr. Valenzuela apparently interprets that criticism as a finding that, as a matter of law, Judge Krieger was concluding that Officer Coleman's Statement failed to establish probable cause for Mr. Valenzuela's continued prosecution.

However, Judge Krieger's ruling was limited to addressing Defendants' summary judgment motion, which contended that Mr. Valenzuela could not establish the necessary elements of his claims under § 1983, i.e., that his prosecution was not supported by probable cause to believe that he had committed a crime. Defendants argued that Mr. Valenzuela could not carry that burden, in light of evidence that, they suggested, affirmatively demonstrated the existence of probable cause to charge him with forgery. Judge Krieger disagreed, finding that there was at least a triable issue of fact as to whether there may have been an absence of probable cause. Mr. Valenzuela did not separately move for summary judgment in his own favor. Thus, Judge Krieger was not called upon to consider the opposite question: whether the facts, taken in the light most favorable to Defendants, conclusively established that Officer Coleman's Statement lacked probable cause for Mr. Valenzuela's continued prosecution.[2]

---

[2] The Court did not indicate that it intended to grant judgment to Mr. Valenzuela on the Defendants' motion under Fed. R. Civ. P. 56(f), nor that it was making any specific findings of fact under Rule 56(g).

This Court notes that Judge Krieger used strong language in characterizing the contents of Officer Coleman's Statement. However, the fact remains that Judge Krieger's order did no more than reject Defendants' contention that, as a matter of law, the Statement sufficiently set forth probable cause for an arrest. As such, the question of whether the Statement demonstrated probable cause for prosecution remains an issue to be resolved at trial.

That being said, however, after reviewing the filings in this matter, this Court agrees with Judge Krieger that it is doubtful that any reasonable juror could conclude that Officer Coleman's Probable Cause Statement **could** sufficiently demonstrate probable cause for Mr. Valenzuela's continued prosecution beginning on February 17, 2017. As Judge Krieger noted, Officer Coleman's Statement is entirely conclusory in nature, stating only that Mr. Valenzuela proffered a "forged [ ] ID," without offering any explanation as to what facts or observations led Officer Coleman to that conclusion. Although Officer Coleman, in his deposition, described the reasons he reached the conclusion that the ID card was a forgery, none of those facts are included in his Statement. *See generally* (Doc. # 70-14 (Officer Coleman's deposition testimony describing the reasons for his conclusions)). Indeed, it appears that even Officer Coleman understood that he did not include any meaningful information in the Statement. He testified that "my probable cause statement is pretty basic," and it appears that he did not even intend that Statement to serve as the evidentiary basis for the probable cause finding at Mr. Valenzuela's advisement. Rather, Officer Coleman testified that he understood that he would submit the Statement to a detective who "will

5

typically take that probable cause statement and write it" with more detail, and that "they change the way it's written." (Doc. # 70-14 at 11–12.) That barebones Statement became the sole, slender thread that supported Mr. Valenzuela's continued prosecution after February 17, 2017, and becomes the basis for a colorable malicious prosecution claim against Officer Coleman now.

However, because the Court has yet to be called upon to make a finding in Mr. Valenzuela's favor on the question of whether the Statement recited adequate facts to establish probable cause, that matter remains one for trial at this time.

**B.   RULE 702 ISSUES**

Both sides proffered witnesses to opine as to certain matters regarding the damage to the ID card as proffered by Mr. Valenzuela and the inferences that could reasonably be drawn from that damage. Both sides challenged the admissibility of the other side's proffered opinions under Rule 702. Judge Krieger found that, in light of her ruling, both Rule 702 challenges were rendered moot. The parties disagree, contending that the reasonableness of the inferences that Defendants drew about the ID card remain relevant in this case, such that the Rule 702 challenges remain vital.

The parties misunderstand the scope of the sole remaining claim in this case. Because all Defendants are entitled to qualified immunity on Mr. Valenzuela's Fourth Amendment claims arising from his arrest, issues about the reasonableness of Defendants' analysis of the ID card on February 15, 2017, are no longer germane to this case. The sole remaining claim in this case concerns Mr. Valenzuela's contention that, by submitting a Probable Cause Statement that failed to actually demonstrate probable

6

cause for charges, Officer Coleman engaged in malicious prosecution. Malicious prosecution arises when a police officer or other affiant: (1) causes the initiation or continuation of the prosecution of the plaintiff; (2) does so without probable cause; and (3) acts with malice. *See Carbajal v. Lucio*, 832 Fed.Appx. 557, 563 (10th Cir. 2020). There is no dispute that Officer Coleman's Probable Cause Statement caused the continued prosecution of Mr. Valenzuela, insofar as the Statement was the only information considered by the state court judge during the advisement on February 17, 2017. Thus, the two remaining elements are whether Officer Coleman lacked probable cause for the charge against Mr. Valenzuela and whether Officer Coleman acted with malice in making the Statement.

Turning to the question of whether Officer Coleman had probable cause to believe Mr. Valenzuela uttered a forged ID card, this Court begins by noting that the task of determining whether probable cause exists is performed via two discrete steps: (1) determining what facts were known to Officer Coleman at the time of the arrest; and (2) determining whether Officer Coleman drew reasonable conclusions from those facts when deciding that Mr. Valenzuela had committed a crime. *See Davenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest").

Here, as set forth in Judge Krieger's October 2020 Order, there is a broad cast of characters and a wealth of factual observations made by them that led those involved, including Officer Coleman, to conclude on February 16, 2017, that Mr. Valenzuela's ID

7

card had been altered: e.g., the ID card had cracked and broken lamination, the surface of the card was uneven, the card was not of uniform thickness throughout, and there may have been a staple embedded within it. It may be tempting to catalog these facts, and then immediately proceed to the second step to determine whether one could reasonably interpret these facts to conclude that the card was or was not purposefully altered. But proceeding apace ignores a critical defect: Officer Coleman's Probable Cause Statement does not recite **any** of these facts. Indeed, it recites no facts about the card whatsoever, save for the **conclusion** that the card was "forged."

It is appropriate to restrict the inquiry on the malicious prosecution claim to the factual record that was before the state court, not Officer Coleman's knowledge as a whole. It is the state court's finding of probable cause that allowed Mr. Valenzuela's prosecution to continue. Thus, facts known to Officer Coleman that suggested that the card was a forgery, e.g., the broken lamination and the inconsistent thickness, but which did not make their way into the Probable Cause Statement are irrelevant. *See Wilkins v. DeReyes*, 528 F.3d 790, 802 (10th Cir. 2008) ("If institution of legal process is required to trigger a malicious prosecution claim, we ought not search for probable cause in a pile of unrevealed information . . . Judicial determination becomes a misnomer if information required to support probable cause remains at all times firmly lodged in the officer's head").  As a result, the malicious prosecution claim will turn not on what Officer Coleman might have **seen** on February 15, 2017, but on what he **said** to the state court on February 16, via the Probable Cause Statement. And as noted above, what he said lacks any factual content at all. Because the first step of the probable cause inquiry

8

requires an assessment of the facts before the officer, here, it would appear that Officer Coleman's Statement made an insufficient factual showing to the state court to permit any finding of probable cause. As a result, it would appear that Mr. Valenzuela will succeed on that element and it will be unnecessary to even proceed to the second step of the probable cause analysis—i.e., the determination of whether a police officer's conclusions are reasonable in light of the facts presented—the step at which expert testimony might become germane. Therefore, the Court continues to find that no expert testimony is likely to be necessary and, thus, there is no need to resolve any Rule 702 challenges.

That leaves the final element Mr. Valenzuela must prove that Officer Coleman acted with malice. To establish the malice element, Mr. Valenzuela must show that Officer Coleman knew or recklessly disregarded the possibility that his Statement lacked any articulation of probable cause and would be used to continue the prosecution of Mr. Valenzuela. *See, e.g.*, *Young v. City of Idabel*, 721 Fed.Appx. 789, 804 (10th Cir. 2018). Once again, the focus is not on what occurred on February 15, 2017, but rather, on Officer Coleman's state of mind when he submitted a deficient Probable Cause Statement that could be used to further a prosecution of Mr. Valenzuela. In this regard, the experts' opinions about what the examination of the ID card would or would not have revealed, or what a reasonable officer would or would not have done, is irrelevant.[3]

---

[3] Notably, whereas the probable cause assessment is an objective one, the malice element is a **subjective** inquiry, asking what Officer Coleman **himself** knew or did not know, and believed or

Accordingly, this Court adheres to Judge Krieger's conclusion that the narrowing of this case to the single malicious prosecution claim against Officer Coleman renders the parties' Rule 702 motions moot.

### III.   CONCLUSION

For the foregoing reasons, the parties' Joint Motion to Clarify (Doc. # 107) is GRANTED IN PART AND DENIED IN PART. It is GRANTED insofar as the Court clarifies the reasons for the October 2020 Order. It is DENIED insofar as the Court finds that no modification of that Order is warranted.

DATED:  June 17, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

did not believe at the time of the challenged action. *See Mglej v. Gardner*, 974 F.3d 1151, 1171 n. 14 (10th Cir. 2020).