IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00329-CMA-STV

JUAN VALENZUELA,

 Plaintiff,

v.

KARL COLEMAN,

 Defendant.

___

**ORDER DENYING DEFENDANT'S MOTION FOR STAY OF JUDGMENT WITHOUT FILING A SUPERSEDEAS BOND
BUT APPROVING A $300,000 SUPERSEDEAS BOND**

___

  This matter is before the Court on Defendant Karl Coleman's partially opposed Motion for Stay of Execution of Judgment Without Filing a Supersedeas Bond (Doc. # 157). For the reasons provided below, the Court denies Defendant's request to stay execution of judgment without a supersedeas bond. However, the Court approves Defendant's alternative request to limit the bond required to the amount of $300,000.

  Following a jury verdict in favor of Plaintiff Juan Valenzuela on his 42 U.S.C. § 1983 malicious prosecution claim, the Court entered final judgment on March 8, 2022. (Doc. # 143.) Judgment was entered in favor of Plaintiff and against Defendant in the total amount of $500,000 ($200,000 compensatory damages and $300,000 punitive damages), with post-judgment interest to accrue at the rate of 1.02% from the date of entry of judgement. (*Id.*) Defendant has filed post-verdict motions in this case (Doc. #

150) and a notice of appeal dated April 7, 2022. (Doc. # 155.) Plaintiff also filed a notice of appeal on the same date. (Doc. # 156.)

Defendant now moves to stay execution of the judgment pursuant to Fed. R. Civ. P. 62(b) while post-trial motions are pending and during the pendency of the appeals, without the requirement to post a supersedeas bond or other form of security. (Doc. # 157 at 2.) In the alternative, Defendant requests that the Court require security in an amount not to exceed $300,000. Defense counsel indicates that Plaintiff opposes a stay of execution of judgment without filing a supersedeas bond but does not oppose a stay of execution of judgment with a $300,000 bond. (*Id.* at 1.)

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." The purpose of such a bond "is to secure an appellee from loss resulting from the stay of execution." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). The general rule is that a supersedeas bond will be equal to the "full amount of the judgment." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). However, "the district court has the discretion to reduce or waive the bond requirement if 'the appellant demonstrates a present financial ability to respond to the judgment that is likely to continue' or if the appellant's 'present financial condition is such that posting a full bond would impose an undue financial burden.'" *Lech v. Jackson*, No. 16-cv-01956-PAB-MJW, 2018 WL 2183984, at *1 (D. Colo. May 10, 2018) (quoting *Sierra Club v. El Paso Gold Mines, Inc.*, No. Civ.A.01 PC 2163 OES, 2003 WL 25265871, at *8 (D. Colo. Apr. 21, 2003)). The party seeking to reduce or waive the bond requirement must

...
...
...

demonstrate that such a departure is warranted and "present the court with a financially secure plan that will provide adequate security for the judgment creditor, in lieu of posting a supersedeas bond." *Sierra Club*, 2003 WL 25265871, at *2. In deciding the amount of a supersedeas bond, the Court may consider several factors, including:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is obvious enough that the cost of the bond would be a waste of money; and (5) whether the appellant is in such dire financial circumstances that a bond would place the appellant's other creditors at risk.

*Myers v. Mid-West Nat'l Life Ins. Co.*, No. 04-cv-00396-CMA-KLM, 2009 WL 306366, at *2 (D. Colo. Feb. 6, 2009) (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

Defendant argues that a supersedeas bond is unnecessary in this case because Plaintiff's ability to collect any future judgment in this case is sufficiently secure. (Doc. # 157 at 4.) Specifically, Defendant notes that because he "was acting within the scope of his employment as a Denver Police Officer at the time of the purported tortious action, the City and County of Denver shall indemnify him for the judgment of compensatory damages and any attorney fees and costs awarded." (*Id.* at 2) (citing Colo. Rev. Stat. § 29-5-111). Given Plaintiff's asserted attorney fees and costs, Defendant contends that Denver will bear the majority of the total judgment should post-trial motions and appeals be denied. (*Id.* at 2–3.) Defendant notes that "Denver has satisfied prior judgments related to other lawsuits with no significant delay" and that "[t]here should be no concern that Denver does not have adequate funds and an established procedure in place for

3

payment of any ultimate judgment." (*Id.* at 4); see *Brinkman v. Dep't of Corr. of State of Kan.*, 815 F. Supp. 407, 409 (D. Kan. 1993) ("[G]enerally courts are reluctant to waive the bond requirement for a governmental entity unless funds are readily available, such as through a general appropriation, and procedure is in place for paying the judgment."). In the alternative, Defendant argues that any bond required to be posted should be limited to the punitive damages amount of the judgment ($300,000) because that is the only amount that Denver will not indemnify. (Doc. # 157 at 5.)

Having reviewed the relevant factors, the Court disagrees with Defendant that it would be appropriate in this case to stay the execution of judgement without a supersedeas bond. However, the Court finds, in its discretion, that it is appropriate to set the bond amount to $300,000, the amount represented by the punitive damages award. *See Strong*, 443 F.3d at 1299 (observing that "the district court has discretion in setting the amount" of a supersedeas bond). The Court is satisfied that setting the amount of bond at $300,000 is sufficient to insure against any loss which might theoretically result to Plaintiff, considering (1) Plaintiff does not object to a $300,000 bond and (2) Denver is required by statute and city charter to indemnify the judgment in whole with the exception of punitive or exemplary damages. *See Dillon*, 866 F.2d at 905 (holding that the district court abused its discretion in failing to waive the requirement of bond of the defendant City of Chicago); *Conte v. Cnty. of Nassau*, No. 06-CV-4746 (JFB) (ARL), 2017 WL 9478355, at *3 (E.D.N.Y. May 4, 2017) ("Courts in this Circuit have found that state and municipal governments often have ample means to satisfy judgments and accordingly have granted requests to waive the supersedeas bond

requirement." (internal quotation marks, brackets, and citation omitted)); *Dutton v. Johnson Cnty. Bd. of Cnty. Comm'rs*, 884 F. Supp. 431, 435 (D. Kan. Apr. 5, 1995) ("The court is confident that the funds will be available and easily accessed by plaintiff if the judgment is affirmed and that the cost of a bond would be a waste of money for the taxpayers of [the defendant county].").

For the foregoing reasons, it is ORDERED that Defendant's Motion for Stay of Execution of Judgment Without Filing a Supersedeas Bond (Doc. # 157) is DENIED. The Court GRANTS Defendant's unopposed request in the alternative to post a supersedeas bond in the amount of $300,000. It is

FURTHER ORDERED that Defendant must post a supersedeas bond on or before May 4, 2022 in the amount of $300,000 in order to be granted a stay pursuant to Fed. R. Civ. P. 62(b).

DATED:  April 13, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge